THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOMAS MEZA-DE LA CRUZ,<br><br>Defendant. | CASE NO. CR16-0136-JCC<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter comes before the Court on the United States' motion for entry of a preliminary order of forfeiture (Dkt. No. 115), seeking to forfeit, to the United States, Defendant Tomas Meza-De La Cruz's interest in the following property:

1. One Kyocera Model S2151 Kona cell phone, DEC 268435462512453494, seized on April 26, 2016 in Marysville, Washington;

2. One Apple iPhone, IMEI 352027063212028, seized on April 26, 2016 in Marysville, Washington;

3. One Kyocera cell phone, DEC 268435462508191445, seized on April 26, 2016 in Marysville, Washington;

    $788.00 in U.S. currency seized on April 26, 2016 in Marysville, Washington;

4. $6,550.00 in U.S. currency seized on April 26, 2016 in Sultan, Washington;

5. One Glock 19 9mm semi-automatic pistol bearing serial number DY735US seized on

1      April 26, 2016 in Sultan, Washington;

2   6.   One Glock magazine seized on April 26, 2016 in Sultan, Washington;

3   7.   9mm ammunition seized on April 26, 2016 in Sultan, Washington;

4   8.   One Kyocera Model S2151 Kona cell phone, DEC 268435462508198220, seized on

5      April 26, 2016 in Sultan, Washington;

6   9.   One Samsung Model SM-B311V cell phone, HEX: A0000048ED878D, seized on

7      April 26, 2016 in Sultan, Washington;

8   10. One LG Model GPLGL16CB cell phone, DEC: 270113184102222133, seized on

9      April 26, 2016 in Sultan, Washington;

10  11. One Kyocera Model S2151 Kona cell phone, DEC 268435462508191401, seized on

11     April 26, 2016 in Sultan, Washington; and,

12  12. One Samsung Model SM-G360T1 cell phone, FCC ID A3LSMG360T, seized on

13     April 26, 2016 in Sultan, Washington.

The Court, having reviewed the papers and pleadings filed in this matter, including the United States' motion, hereby FINDS entry of a preliminary order of forfeiture is appropriate because:

- The above-listed property is forfeitable pursuant 21 U.S.C. § 853, as it facilitated, and/or derives from proceeds of, the Conspiracy to Distribute Heroin;
- Items 6-8 of the above-listed property (the firearm, magazine and ammunition) are also forfeitable pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as they were involved in the Unlawful Possession of a Firearm; and,
- In the plea agreement he entered on November 30, 2016, Defendant agreed to forfeit the above-identified property pursuant to 21 U.S.C. § 853. (Dkt. No. 92, ¶ 9.)

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to his plea agreement, 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C.

§ 2461(c), Defendant's interest in the above-listed property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this preliminary order will be final as to Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) The United States Department of Homeland Security, and/or its authorized agents or representatives, shall maintain the above-identified property in its custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this preliminary order and its intent to dispose of the above-identified property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the above-identified property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the property must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier.

The notice shall advise all interested persons that the petition:

a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

b. shall be signed by the petitioner under penalty of perjury; and,

c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this preliminary order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this preliminary order, adjudicating any third-party petitions, entering a final order of forfeiture, and amending the preliminary or final order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

DATED this 30th day of March, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE